PAINE v. MOORE.

1. The plaintiff, defendant and J. P., composed the firm of J. & P. P. & Co.; the former being temporarily absent from the city in which the firm did business, appointed the defendant his agent to hire out his negroes, rent his houses, and collect the hire and rent of the same. All which was undertaken by the defendant, who upon the return of the plaintiff, acknowledged in writing, that there was due to the plaintiff, for monies collected from his effects, and put into the house of J. & P. P. & Co., while he was acting as his agent from 1st March, 1837, to 1st Dec. 1838, the sum of $540 16-100 above what he had paid out for him. The partnership had no interest in the negroes and land: *Held*, that the acceptance of the writing, did not make it necessary for the plaintiff to resort to the firm for payment; but the proof entitled him to recover the amount, with interest, of the defendant, individually.

WRIT of error to the county court of Mobile.

THIS was an action of *assumpsit*, by the defendant in error against the plaintiff. The declaration was on a writing called a due bill, or promissory note, in the following words, &c., viz:
" $542—16. Mobile, Dec. 13th, 1838. Due Wm. Moore, for moneys which I have collected from his effects, and put into the

17

house of J. & P. Paine & Co., over and above what I have paid out for him while acting as his agent, from March 1st, 1837, to 1st Dec. 1838, five hundred and forty-two 16-100 dollars.

PARKER PAINE."

To this count was added the common counts for money had and received, and collected for the plaintiff, at his special instance ank request; and, also, on an account stated for $542 16.

The cause was tried by a jury, who rendered a verdict, in damages, for the amount stated in the writing, with interest thereon; and a judgment was rendered accordingly. On the trial, a bill of exceptions was sealed, at the instance of the defendant, from which the case may be thus stated, viz:

The plaintiff read to the jury the writing declared on. It was then proved, on the part of the defendant, that the plaintiff was a member of the firm of J. & P. Paine & Co at the time the credit, mentioned in the writing, was given him. The members of the firm were the plaintiff, defendant and James Paine. James Paine and the defendant were the active partners. It was also proved, that the plaintiff was absent from Mobile during the year ——, and left the defendant as his agent to hire out his negroes, rent his houses, and collect the hire and rent of the same; that the plaintiff had eight or ten negroes thus hired out, all of whom, together with the real property rented by the defendant, had no connection with the firm. The defendant had credited the books of J. & P. Paine & Co., as stated in the writing adduced by the plaintiff. It was proved, further, by one of the defendant's witnesses, that, as the agent of the plaintiff, he called upon the defendant to collect the writing in question, and his answer was, that he was not able, or had not the money to pay the same. *Upon this evidence*, the defendant, by his attorney, prayed the court to charge the jury, that crediting the books of the firm of J. & P. Paine & Co., with the amount sued for, was a payment of the money to the plaintiff, and the plaintiff could not recover; which charge was refused. The court charged the jury, that, if they believed the defendant was the agent of the plaintiff, and collected the hire of his negroes and rent of his houses, and credited the books of the firm with the amount thereof, without the plaintiff's knowledge or consent, such a credit would not prevent the plaintiff from recovering in this case. The defendant further prayed the court to charge the jury, that the writing described in

the declaration, was not a promissory note, and, from the proof, a suit at law could not be maintained upon it. This charge was refused by the court; and the jury were instructed, that a suit might be maintained upon the writing.

DARGAN, for the plaintiff in error.
CAMPBELL, for the defendant.

COLLIER, C. J.—The writing declared on, is an acknowledgement by the defendant, that there was due to the plaintiff the sum expressed upon its face, being so much money belonging to the latter, which the former had collected and put into the house of J. & P. Paine & Co. It is insisted, that the plaintiff, by accepting this paper as an evidence of his demand, impliedly admits that the defendant has properly placed the money in other hands, and that the plaintiff will look to the depositories for its payment. Such is not the legitimate interpretation of the writing. At most, the admission can concede nothing more than that the defendant has put the plaintiff's money in "the house of J. & P. Paine & Co." Whether it has been placed there under such circumstances as would relieve the defendant from liability to pay it, is a question, aside from the paper, to be solved by extrinsic proof.

It cannot be admitted that it is competent for a debtor, against his creditor's consent, to place his liability upon others who are willing to assume it. The defendant, by collecting the plaintiff's money, became liable to pay it to him on demand, and if he has placed it in other hands, without the plaintiff's assent or acquiescence, he is still chargeable.

There is not the slightest pretence for supposing the case disclosed by the proof, is one which concerned the partnership, of which both parties were members. In its inception, it was an arrangement between the plaintiff and defendant individually; and it does not appear that any thing occurring subsequently, has given to it a different character.

In respect to the second charge, which the court was requested to give the jury, it assumed the truth of all the evidence, and called upon the court to say, that a suit at law could not be sustained by it. This was properly refused, as will be seen from what we have already said; but the court instructed the jury,

"that a suit might be maintained on the instrument." Whether, without additional proof, the plaintiff could have recovered on the writing, it is not necessary to consider. The general remark of the court, it is obvious from the charge asked, was only intended to declare that the paper, assisted by the proof, would authorize a verdict for the plaintiff.

This view is decisive of the case : the consequence is, the judgment of the county court is affirmed.